

Sean K. Monahan
212.237.1220
smonahan@windelsmarx.com

156 W. 56th Street | New York, NY 10019
T. 212.237.1000 | F. 212.262.1215

August 8, 2018

**Via ECF**
Hon. Arthur D. Spatt
United States District Courthouse
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

                Re:    CIT Bank, N.A. v. Donnatin et. al.
                       Case No.: 2:17-cv-02167-ADS-AKT

Your Honor:

      This office represents plaintiff CIT Bank, N.A. ("Plaintiff") in the above-referenced mortgage foreclosure action. We are writing to request a pre-motion conference for a motion for summary judgment against all defendants.

      As set forth in the complaint, on or about May 18, 2017, Francis L. Donnatin Jr. ("Borrower") obtained a loan from IndyMac Bank, F.S.B., a federally chartered savings bank ("IndyMac") in the principal amount of $450,000.00. The loan is evidenced by a note (the "Note") executed by Borrower, and a mortgage (the "Mortgage") executed by Borrower, Rose Marie Donnatin, Francis L. Donnatin and Julie Donnatin (collectively the "Mortgagors"). The mortgage mortgaged the property known as 3 Aspen Circle, St. James, New York 11780 (the "Property") to Mortgage Electronic Registration Systems Inc. ("MERS") as nominee for IndyMac as security for the Note. Plaintiff is in possession of the Note endorsed in blank.

      Mortgagors defaulted on the loan by failing to make the payment that was due on June 1, 2016 and have not made any additional payments after that date.

      This action was commenced on April 10, 2017. Defendant Frances L. Donnatin a/k/a Frances L. Donnatin was named in this action as owner of the property and obligor on the Note. Defendants Rose Marie Donnatin, Francis L. Donnatin Jr. a/k/a Frances L. Donnatin Jr., and Julie Donnatin a/k/a Julie A. Donnatin were named in this action as owners of the property. Defendants appeared through their attorney and filed an Answer with nine affirmative defenses. Plaintiff's proposed motion for summary judgment will show that none of Defendants' affirmative defenses raise an issue of material fact.



Plaintiff has a presumptive right to collect the indebtedness evidenced by the Note and secured by the Mortgage and, to exercise its foreclosure remedy. In general, a mortgagee has a "presumptive right to collect" on a mortgage upon proving the two critical elements of a foreclosure action: (1) the existence of an obligation secured by a mortgage and (2) the mortgagor's default on that obligation. *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991). When a plaintiff makes a prima face case for foreclosure, the Defendant must submit evidence that raises a triable issue of fact rebutting plaintiff's showing or as to the merit of any of her affirmative defenses. *Rossrock Fund II, L.P. v. Osborne*, 82 A.D.3d 737, 918 N.Y.S.2d 514, 515 (2nd Dept. 2011). Summary judgment is the proper remedy if the defendant does not submit evidence giving rise to a triable issue of fact. *Freedman v. Chemical Construction Corp.*, 43 N.Y.2d 260, 401 N.Y.S.2d 176 (1977). Further, the New York Court of Appeals consistently holds that one opposing a motion for summary judgment must produce evidentiary proof in admissible form sufficient to require a trial of material questions of fact on which he rests his claim." *Zuckerman v. City of New York*, 49 N.Y.2d 557, 562, 427 N.Y.S.2d 595, 598 (1980).

Here, Plaintiff will prove the elements of its foreclosure claim. First, Plaintiff will establish the existence of a mortgage agreement and its ownership thereof. The Note evidences and secures repayment of the debt, and confirms Plaintiff owns all right, title, and interest in the Note, all rights accrued under the Mortgages, and all indebtedness secured thereby. Plaintiff will establish that Defendants defaulted on the Notes on June 1, 2016. Therefore, the burden of proof will shift to Defendants to furnish documentary evidence establishing a triable issue of fact. Defendants will be unable to do so.

Accordingly, Plaintiff is requesting a pre-motion conference for a motion for summary judgment against the defendants.

Thank you for your consideration.

Respectfully,

WINDELS MARX LANE & MITTENDORF LLP

Cc: Ivan E. Young
The Young Law Group., PLLC
80 Orville Drive, Suite 100
Bohemia, NY 11716