**FILED**
**CLERK**

2:27 pm, Jan 16, 2020

**U.S. DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
**LONG ISLAND OFFICE**

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF NEW YORK**
----------------------------------------------------------X
CIT BANK, N.A.,

                         Plaintiff,

              -against-

FRANCIS L. DONNATIN A/K/A FRANCES L.
DONNATIN, ROSE MARIE DONNATIN,
FRANCIS L. DONNATIN JR. A/K/A,
FRANCES L. DONNATIN JR., JULIE
DONNATIN, A/K/A JULIE A. DONNATIN,

                     Defendants.

----------------------------------------------------------X

**MEMORANDUM OF**
**DECISION & ORDER**
2:17-cv-02167 (ADS)(AKT)

**APPEARANCES:**

**Windels Marx Lane & Mittendorf, LLP**
*Co-Counsel for the Plaintiff*
156 West 56th Street
New York, NY 10019
       By:    Andrew Lawrence Jacobson, Esq.,
               Sean Kevin Monahan, Esq., Of Counsel.

**Knuckles Komolinski & Elliot LLP**
*Co-Counsel for the Plaintiff*
50 Tice Boulevard Suite 183
Woodcliff Lake, NJ 07677
       By:    John E. Brigandi, Esq., Of Counsel.

**The Young Law Group., PLLC**
*Attorneys for the Defendants*
80 Orville Drive, Suite 100
Bohemia, NY 11716
       By:    Ivan E. Young, Esq., Of Counsel.

**SPATT, District Judge**:

On April 10, 2017, CIT Bank, N.A. (the "Plaintiff") commenced this action to foreclose a

mortgage encumbering property located at 3 Aspen Circle, St. James, New York 11780 (the

"Mortgaged Property").

1

Presently before the Court are the parties' cross-motions for summary judgment pursuant to Federal Rule of Civil Procedure ("Fed. R. Civ. P" or "Rule") 56. For the following reasons, the Court denies the Plaintiff's motion for summary judgment and grants the Defendants' motion for summary judgment.

## I. BACKGROUND.

On May 18, 2007, to meet certain financial obligations with the Mortgaged Property, the Defendants entered into a mortgage transaction with IndyMac Bank, F.S.B. ("IndyMac"), wherein Francis L. Donnatin, Jr. (the "Borrower"), executed and delivered a promissory note (the "Note") evidencing a loan made to the Borrower in the amount of $450,000, secured by a mortgage executed by all Defendants and recorded against the Mortgaged Property by Mortgage Electronic Registration Systems, Inc. ("MERS"), as nominee for IndyMac (the "Mortgage"). The Plaintiff, under its predecessor name OneWest Bank, FSB, acquired the Mortgage from IndyMac pursuant to a Loan Sale Agreement executed on March 19, 2009.

After occupying the Mortgaged Property as their primary residence for at least a year, Francis L. Donnatin and Rose Marie Donnatin thereafter moved into their current home and residence located in Nassau County at 15 Oak Place, Albertson, New York 11507 (the "Nassau Property").

On June 1, 2016, the Defendants defaulted under the terms of the Note and the Mortgage by failing to tender the monthly installment payment due on that date, and have failed to make a single monthly payment since that date.

On August 10, 2016, the Plaintiff sent 30-day notices of default to the address of the Mortgaged Property via first class mail and by certified mail.

On August 12, 2016, the Plaintiff sent 90-day foreclosure notices to the address of the Mortgaged Property via certified mail and first class mail.

On April 10, 2017, the Plaintiff commenced the present action by filing the Complaint. It is undisputed that the Plaintiff failed to serve notices upon Francis L. Donnatin and Rose Marie Donnatin at the Nassau Property before filing the Complaint. It is also undisputed that the notices failed to contain at least five housing counseling agencies serving Suffolk County, where the Mortgaged Property is located. Instead, the notices listed six housing counseling agencies serving the "Long Island Region," only three of which serve Suffolk County.

## II.  DISCUSSION

### A. THE STANDARD OF REVIEW.

Fed. R. Civ. P. 56(a) provides that a court may grant summary judgment when the "movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

"A genuine issue of fact means that 'the evidence is such that a reasonable jury could return a verdict for the nonmoving party.'" *Wright v. Goord*, 554 F.3d 255, 266 (2d Cir. 2009) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986)). "Where the moving party demonstrates 'the absence of a genuine issue of material fact,' the opposing party must come forward with specific evidence demonstrating the existence of a genuine dispute of material fact." *Brown v. Eli Lilly & Co.*, 654 F.3d 347, 358 (2d Cir. 2011) (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986)). "The evidence of the party opposing summary judgment is 'to be believed, and all justifiable inferences are to be drawn in [that party's] favor.'" *Wright*, 554 F.3d at 266 (parenthetically quoting *Graham v. Henderson*, 89 F.3d 75, 79 (2d Cir. 1996)). However, to defeat a motion for summary judgment,

the opposing party "must do more than simply show that there is some metaphysical doubt as to the material facts, and may not rely on conclusory allegations or unsubstantiated speculation." *F.D.I.C. v. Great Am. Ins. Co.*, 607 F.3d 288, 292 (2d Cir. 2010).

"When no rational jury could find in favor of the nonmoving party because the evidence to support its case is so slight, there is no genuine issue of material fact and a grant of summary judgment is proper." *Gallo v. Prudential Residential Servs., Ltd. P'ship*, 22 F.3d 1219, 1224 (2d Cir. 1994).

## B. AS TO THE PROCEDURAL PROPRIETY OF THE DEFENDANTS' MOTION.

The Plaintiff argues the Court should disregard the Defendants' summary judgment motion for failure to comply with the Court's individual rules, hereinafter the "Individual Rules." Relevant here, the Individual Rules set forth a procedure parties must follow before filing motions for summary judgment. The movant must first serve a Statement of Material Facts pursuant to Rule 56.1 (a "Rule 56.1 Statement") on the opponent, who must serve a counter-statement within seven days, or by another date specified by the Court. Individual Rule IV.D.(i). After the parties exchange Rule 56.1 Statements, the movant requests a pre-motion conference with the Court. Individual Rule IV.D.(ii). If the Court authorizes summary judgment motion practice, the Court adopts a briefing schedule agreed to by the parties. Individual Rule IV.D.(iii).

The Plaintiff argues that the Defendants' cross-motion is improper because the Defendants never requested a pre-motion conference to make a cross-motion for summary judgment, and failed to obtain leave to file a cross-motion at the pre-motion conference for the Plaintiff's motion. The Court has "has broad discretion to determine whether to overlook a party's failure to comply with" its individual rules. *Holtz v. Rockefeller & Co.*, 258 F.3d 62, 73 (2d Cir. 2001). Considering that the Defendants served their cross-motion concurrently with their opposition to the Plaintiff's

4

motion, and the legal issues raised by both motions are identical, the Court finds no surprise or prejudice warranting the extremely punitive remedy of striking the Defendants' motion. *See Spira v. Ashwood Fin., Inc.*, 358 F. Supp. 2d 150, 155 (E.D.N.Y. 2005) (deciding motion for summary judgment where cross-movant neglected to submit a Rule 56.1 statement). The Court holds pre-motion conferences to facilitate the potential settlement of actions prior to the resort to time-intensive motion practice. It would be inefficient to force the Defendants to go through that whole process again for failure to comply with the technicalities of the Court's Individual Rules, when it could just decide the motions based on the parties already-finished briefs.

## C. AS TO THE MERITS OF THE PARTIES' MOTIONS.

In general, a mortgagee has a "presumptive right to collect" on a mortgage upon proving the two critical elements of a foreclosure action: (1) the existence of an obligation secured by a mortgage and (2) the mortgagor's default on that obligation. *United States v. Freidus*, 769 F. Supp. 1266, 1277 (S.D.N.Y. 1991). When a plaintiff makes a *prima face* case for foreclosure, the defendant must submit evidence that raises a triable issue of fact rebutting plaintiff's showing or as to the merit of any of her affirmative defenses. *Rossrock Fund IL L.P. v. Osborne*, 82 A.D.3d 737, 918 N.Y.S.2d 514, 515 (2nd Dept. 2011 ).

The Defendants concede that the Plaintiff made a *prima facie* case for foreclosure, but assert an affirmative defense based on the Plaintiff's alleged failure to comply with New York's Real Property Actions and Proceedings Law ("RPAPL"). "RPAPL § 1304 requires a lender, assignee, or mortgage loan servicer to transmit" to the borrower, at least 90 days prior to commencing a legal action for a mortgage foreclosure, a notice that contains: "(1) text in fourteen-point type; (2) text stating 'YOU COULD LOSE YOUR HOME. PLEASE READ THE FOLLOWING NOTICE CAREFULLY'; [and] (3) information regarding government-approved

housing counseling agencies available to assist borrowers in seeking home loan modifications...." *Gustavia Home, LLC v. Hoyer*, 362 F. Supp. 3d 71, 83 (E.D.N.Y. 2019). The notice must be transmitted "via registered or certified mail and also by first-class mail to the last known address of the borrower, and if different, the residence subject to the mortgage." *Id.*

"'[P]roper service of RPAPL [§] 1304 notice on the borrower or borrowers is a condition precedent to the commencement of a foreclosure action....'" *OneWest Bank, N.A. v. Guerrero*, No. 14-cv-3754, 2018 WL 2727891, at *7 (S.D.N.Y. June 6, 2018). "Plaintiff has the affirmative obligation to establish strict compliance with RPAPL § 1304 regardless of the adequacy of Defendants' briefing." *Hoyer*, 362 F. Supp. 3d at 83 (citing *United States v. Parks*, No. 17-cv-01262, 2018 WL 5793569, at *3 (W.D.N.Y. Oct. 4, 2018)) ("The plaintiff is required to prove its allegation by tendering sufficient evidence demonstrating the absence of material issues as to its strict compliance with RPAPL 1304, and failure to make this showing requires denial of the motion, regardless of the opposing papers." (internal quotation marks omitted)).

The Defendants argue that the notices provided by the Plaintiff were defective in two ways. First, the Plaintiff allegedly failed to submit notices to the Nassau Property. Second, the notices contained a list of housing counseling agencies that failed to comply with RPAPL § 1304(2). For the following reasons, the Court elects not to decide whether the RPAPL required the Plaintiff to submit notices to the Nassau Property, because the notices sent are clearly deficient under RPAPL § 1304(2).

In relevant part, RPAPL § 1304 provides that:

1. [W]ith regard to a home loan, at least ninety days before a lender, an assignee or a mortgage loan servicer commences legal action against the borrower, or borrowers at the property address *and any other address of record*, including mortgage foreclosure, such lender, assignee or mortgage loan servicer shall give notice to the borrower . . . .

2. The notices required by this section shall be sent by such lender, assignee . . . or mortgage loan servicer to the borrower, by registered or certified mail and also by first-class mail *to the last known address of the borrower, and to the residence that is the subject of the mortgage*. . . . The notices required by this section shall contain a current list of *at least five housing counseling agencies serving the county where the property is located* from the most recent listing available from department of financial services. . . The department of financial services shall make available on its websites a listing, by county, of such agencies. The lender, assignee or mortgage loan servicer shall use such lists to meet the requirements of this section.

3. *The ninety day period specified in the notices* contained in subdivisions one and one-a of this section *shall not apply, or shall cease to apply*, if the borrower has filed for bankruptcy protection under federal law, or *if the borrower no longer occupies the residence as the borrower's principal dwelling*. *Nothing herein shall relieve the lender, assignee or mortgage loan servicer of the obligation to send such notices, which notices shall be a condition precedent to commencing a foreclosure proceeding.*

RPAPL § 1304 (emphasis added).

Starting with the Defendants' first argument, they contend that the Plaintiff violated its obligation to send notices to the "last known address" or "any other address of record" of Francis L. Donnatin and Rose Marie Donnatin – *i.e.*, the Nassau Property. As support, the Defendants cite affidavits documenting the service of a summons and complaint in another case, a foreclosure action in New York Supreme Court for the County of Suffolk captioned *OneWest Bank FSB v. Donnatin Francis* (Ind. No. 0011319/2013) (hereinafter the "Suffolk County Action"). The affidavits purport to serve the Defendants at the Nassau Property. ECF 32-8, ECF 32-9, and ECF 32-10. The Plaintiff agrees that it never sent the notices for this case to the Nassau Property, but argues that it had no obligation to do so because it had no reason to believe that the Defendants no longer resided at the Mortgaged Property. In particular, the Plaintiff points to Paragraph 15 of the Mortgage, which specifies that the mortgagors must provide the Plaintiff prompt notice of any change of address. ECF 35-3 ¶ 15.

It is unclear whether the RPAPL actually required the Defendants to submit the notices to the Nassau Property. It appears that there is no case law defining or otherwise interpreting "last known address" under the statute. Further, it is disputed that the Plaintiff actually knew that Francis L. Donnatin and Rose Marie Donnatin resided at the Nassau Property. The Defendants provide no evidence indicating that they informed the Plaintiff of any changes in address. In addition, the docket of the Suffolk County Action provides no indication whether the foreclosure proceedings pertained to the Mortgaged Property. Absent any evidence that the Plaintiff actually knew that Francis L. Donnatin and Rose Marie Donnatin no longer resided at the Mortgaged Property, it is difficult to find any reasonable basis for requiring the Plaintiff to send notices elsewhere. At the same time, it is also undisputed that the Plaintiff had actual knowledge that Francis L. Donnatin and Rose Marie Donnatin at least maintained *a* residence at the Nassau Property. The Plaintiff initiated the Suffolk County Action and served the Defendants at the Nassau Property, which illustrates the Plaintiff had a record of known addresses beyond the Mortgaged Property. Nonetheless, the Court need not decide this issue because there is another fatal defect in the notices warranting dismissal of the action, regardless of whether the Plaintiff submitted the notices to the Nassau Property.

Specifically, RPAPL § 1304(2) requires that notices "contain a current list of at least five housing counseling agencies serving the county where the property is located." Here, the notices listed six housing counseling agencies serving the "Long Island Region," only three of which serve Suffolk County. In other words, the notices failed to provide a sufficient number of housing counseling agencies serving the county where the Mortgaged Property was located. This defect is fatal under the statute. *See Fed. Nat'l Mortg. Ass'n v. Eason*, 62 Misc. 3d 1213(A), at *4 (N.Y. Sup. Ct. 2019) ("The list here includes three agencies in Suffolk County, one in Nassau County

and one in Queens County. Clearly this list fails to comply with the statutorily mandated condition precedent to suit set forth in RPAPL § 1304 (2).”); *U.S. Bank Nat’l Assn. v Derissaint*, Index No. 19953/2013 [Sup Ct, Kings County 2015] [Sherman, J, Opinion & Order, dated Oct. 22, 2015, at *14] (“[A] copy of the purported 90-day notice in the record reflects that it did not list five counseling agencies in Kings county, as strictly required by RPAPL § 1304. Consequently, the Credit Suisse Loan Trust failed to strictly comply with the statute, and accordingly, dismissal of the complaint is warranted”); *cf. also CIT Bank, N.A. v. Anderson*, No. 16-cv-1712, 2019 WL 3842922, at *4 (E.D.N.Y. Aug. 14, 2019) (“In the face of Anderson’s submission of a list of housing agencies from which two of the agencies identified by CIT Bank in its Section 1304 notice are absent, CIT Bank cannot prevail on summary judgment.”).

In response, the Plaintiff argues that it complied with the version of RPAPL § 1304 that existed at the time it sent the notices, which only required a listing of agencies in “the region where the borrower resides.” RPAPL § 1304(1)-(2) (eff. July 18, 2012 to Dec. 19, 2016). According to the Plaintiff, it should not be punished because the legislature changed the statute’s requirements after that date. However, the statute ties the notice obligations to when a mortgagee “commences legal action against the borrower,” not when it sends the notice. *See id.* § 1304(1); *see also* RPAPL § 1304(1) (eff. Dec. 20, 2016 to Apr. 19, 2017). Thus, while the notices may have been compliant at the time they were sent, they no longer sufficed after December 20, 2016, the effective date of the revised statute. Put another way, the Plaintiff could have commenced this action based on the notices sent anytime between November 12, 2016 and December 19, 2016. But once December 19, 2016 passed, the Plaintiff bore the obligation to send a revised notice before commencing any proceedings against the Defendants. *See Eason*, 62 Misc. 3d at *4 (rejecting argument that notices

complied with statute because "in 2014 when the notices were mailed, Suffolk County was part of the Long Island Region along with Nassau County").

Therefore, the Court finds that the notices here violated RPAPL § 1304(2) and the Complaint must be dismissed.

## III.  CONCLUSION.

For the foregoing reasons, the Court denies the Plaintiff's motion for summary judgment and grants the Defendants' motion for summary judgment dismissing the Complaint. The Court hereby dismisses the Complaint without prejudice for failure to properly serve notices consistent with RPAPL § 1304(2). The Clerk of the Court is respectfully directed to close the case.


It is **SO ORDERED**:

Dated:  Central Islip, New York

January 16, 2020


__/s/ Arthur D. Spatt____

ARTHUR D. SPATT

United States District Judge